Contracts; delay; excusable delay; liquidated damages.— Plaintiff seeks review under Wunderlich Act standards, 41 U.S.C. §§321-22 (1976), of a decision of the Armed Services Board of Contract Appeals (the board) rejecting plaintiffs challenge to the imposition of liquidated damages for an unexcused delay of 286 calendar days in the contracted-for expansion of the electrical distribution system at the Naval Air Station, Cecil Field, Florida. On August 4, 1981 Trial Judge Roald A. Hogenson filed a recommended decision (reported in full at 29 CCF]j81,745) concluding that the board’s decision is entitled to finality, as supported by substantial evidence and not contrary to law. The trial judge found that the 286 calendar days of delay, unexcused by the contracting officer, were not beyond the control and without the fault of plaintiff and its subcontractors and suppliers. Rather, the delay resulted from plaintiffs poor management and inadequate material procurement methods. On February 23, 1982, the court, by order, adopted, as modified, the recommended decision of the trial judge as *723 the basis for its judgment in this case. The court added that "[i]n order to avoid the imposition of liquidated damages, it was incumbent on plaintiff to establish, not only that any delays on its part were excusable, but also that the delays by its suppliers were not due to their fault or negligence. Apart from evidence relating to delays by plaintiff alone, there is sufficient evidence in the record from which the [b]oard could reasonably find that plaintiffs suppliers inexcusably delayed the procurement of material, particularly the oil circuit breakers, required for the performance of the contract. We agree with the [b]oard’s conclusion that the record 'will not support a finding of a shortage of electrical equipment for a contractor willing to pay the increased prices, nor a finding of delays excusable to subcontractors and suppliers at any tier.’ The [b]oard’s decision is, by reference, hereby incorporated in this order.” Plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and plaintiffs petition is dismissed.